**MINUTES OF THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

LOZANO v. CABRERA                              Case No. 14cv0333 JAH(RBB)
                                                                **Time Spent:** __

HON. RUBEN B. BROOKS       CT. DEPUTY VICKY LEE              Rptr.

                              Attorneys
         Plaintiffs                              Defendants

Mark Potter                              Bill Adams
Sabal Masanque


PROCEEDINGS:    ___  In Chambers    ___  In Court    ___  Telephonic

On January 28, 2015, Defendants Julio Yee Cabrera and Enrique Wong Vazquez filed an "Ex Parte Application of Defendants Cabrera and Vasquez, and Application for Continuance of Case Management Conference Dates Pending Ruling on De[f]endants' Motion to Dismiss - *Time Sensitive* [ECF No. 35]" (the "Ex Parte Application").  There, Defendants request to extend "all remaining dates set forth in the Court's Case Management Conference Order Regulating Discovery and Other Pre-trial Proceedings . . . for 60 days of the date that a ruling issues on Defendants' Motion to Dismiss."  (Ex Parte Appl. 2, ECF No. 35.)

Plaintiff Enrique Lozano filed an "Opposition to the Defense Ex Parte Application to Continue the CMC and Supplemental Filings [ECF No. 36]" on January 29, 2015.  Defendants, on January 30, 2015, filed a "Reply in Support of Ex Parte Application of Defendants Cabrera and Vasquez for Continuance of CMC Dates Pending Ruling on De[f]endants' Motion to Dismiss - *Time Sensitive* [ECF No. 38]."

     "Ex parte motions are rarely justified . . . ." Mission Power Eng'q Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 490 (C.D. Cal. 1995).  Often times, ex parte requests merely seek to bypass "the framework of the rules" and "ask the court to hold a hearing urgently." Id.  Filing an ex parte motion requires the court to "drop[] everything except other urgent matters to study the papers." Id. at 491.  A movant bringing an ex parte application has the burden to show that relief is warranted.

> First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures.  Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect.

LOZANO v. CABRERA                                     Case No. 14cv0333 JAH(RBB)
February 5, 2015
Page 2


Id. at 492.  "[M]erely showing that trial is fast approaching . . . is insufficient to justify ex parte relief.  The moving party must also show that it used the entire discovery period efficiently and could not have, with due diligence, sought to obtain the discovery earlier in the discovery period."  Id. at 493.

Here, Defendants have failed to prove that they should be allowed to bypass the regular noticed motion procedure. "'Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have.'"  Id. (quoting In re Intermagnetics America, Inc., 101 B.R. 191, 193 (C.D. Cal. 1989)).  Accordingly, the Ex Parte Application [ECF No. 35] is **DENIED**.  If the Defendants believe it is appropriate, they may file a regularly noticed motion.


DATE: February 5, 2015          IT IS SO ORDERED:  *Ruben Brooks*
                                                   Ruben B. Brooks,
                                                   U.S. Magistrate Judge
cc:  Judge Houston                                 INITIALS: VL (mg) Deputy
     All Parties of Record