NORTON MOORE & ADAMS L.L.P.
William A. Adams, Esq. CSBN. 135035
525 B Street, Suite 1500
San Diego, California 92101
(619) 233-8200

Attorney for Defendants:
JULIO YEE CABRERA and
ENRIQUE WONG VAZQUEZ

# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Enrique Lozano,<br><br>      Plaintiff,<br><br>v.<br><br>Julio Yee Cabrera; Enrique Wong Vazquez; Beamspeed, LLC, an Arizona Limited Liability Company; and Does 1-10,<br><br>      Defendants. | **Case No. 14CV0333-JAH-RBB**<br><br>**Complaint Filed: February 12, 2014**<br><br>**DEFENDANTS JULIO YEE CABRERA AND ENRIQUE WONG VAZQUEZ' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS UNDER FRCP, RULE 11**<br><br>Date: June 22, 2015<br>Time: 2:30 PM<br>Courtroom: 13B<br>Judge: Hon. John A. Houston |

/ / /

/ / /

/ / /

# TABLE OF CONTENTS

ISSUE PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF MOTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A. In 2001, Lozano sues Cabrera and Vazquez under the ADA. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    B. The parties settle Lozano's 2001 lawsuit. . . . . . . . . . . . 3

    C. Lozano ignores the "continuing jurisdiction" clause in the 2001 Settlement Agreement, and sues the same Defendants a second time for the same purported ADA violation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    D. Lozano and his attorneys ignore Defendants' requests for compliance with the 2001 order of continuing jurisdiction and withhold a copy of the 2001 Settlement Agreement. . 6

LEGAL STANDARD. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    A. Rule 11 prohibits frivolous pleadings or pleadings presented for any improper purpose. . . . . . . . . . . . . . . . . 8

NORTON MOORE & ADAMS LLP
525 B Street, Suite 1500
San Diego, California 92101
Ph: (619) 233-8200
Fax: (619) 231-7595

LEGAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    A. The conduct of Lozano and his attorneys was for the improper purpose of harassing Defendants, to cause unnecessary delay, or to needlessly increase the cost of litigation, to use as leverage to obtain an unmerited monetary settlement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    B. Aggravating factors. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

        1. Lozano's attorneys are evading new California state law and are engaging in just the sort of abusive conduct targeted by the new law. . . . . . . . . . . . . . . 10

        2. Lozano's attorneys have engaged in unnecessary delay and harassment. . . . . . . . . . . . . . . . . . . . . . . . 11

        3. Hardship. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# TABLE OF AUTHORITIES

## FEDERAL CIRCUIT COURT OF APPEAL CASES

*Collins v. Walden*, 834 F.2d 961 (11th Cir. 1987). . . . . . . . . . . . .   9

*Cruz v. Savage*, 896 F.2d 626 (1st Cir. 1990) . . . . . . . . . . . . . . .   8

## CODE OF CIVIL PROCEDURE

28 CFR 35.15(c)(5). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

## FEDERAL RULES OF CIVIL PROCEDURE

Rule 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1, 8-9, 14

## CALIFORNIA STATUTES

Civil Code §52 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

Civil Code §54.3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

Code of Civil Procedure § 425.50. . . . . . . . . . . . . . . . . . . . . .   10

NORTON MOORE & ADAMS LLP
525 B Street, Suite 1500
San Diego, California 92101
Ph: (619) 233-8200
Fax: (619) 231-7595

iii
Defendants' Mem. Points & Authorities in Support of
Motion for Sanctions under FRCP, Rule 11 (14CV0333 JAH RBB)

**CALIFORNIA SENATE BILLS**

Senate Bill 1186. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## ISSUE PRESENTED

Under Federal Rule of Civil Procedure, Rule 11, the trial court may sanction any party that files a pleading for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," of if the "the claims, defenses, and other legal contentions" are unwarranted under existing law. Here, Plaintiff and his attorneys have filed and maintained an Americans With Disabilities Act lawsuit against Defendants despite the existence of a Stipulation for Dismissal and Order that resolved an essentially identical 2001 ADA lawsuit involving the same parties, and which gave that federal district court continuing jurisdiction "over all disputes . . . arising out of" the 2001 settlement agreement.

Does the conduct of Plaintiff Lozano and his attorneys in filing and maintaining this lawsuit (seeking "new" damages and attorney's fees) rather than filing a motion in the 2001 Action to enforce the terms of the 2001 Settlement Agreement rise to the level of a FRCP, Rule 11 violation justifying the imposition of monetary sanctions against them?

## SUMMARY OF MOTION

Defendants Julio Yee Cabrera and Enrique Wong Vasquez (collectively, "Defendants") bring this motion for sanctions under Federal Rule of Civil Procedure, Rule 11 against Plaintiff Enrique Lozano and his attorneys of record in this case for their filing and maintenance of this Action in violation of a Stipulated Order of this Court following settlement of an almost identical 2001 lawsuit Plaintiff Lozano filed against these same Defendants involving the same purported violation of the Americans With Disabilities Act ("ADA"). The 2001 Stipulated Order gave the court overseeing Lozano's 2001 lawsuit continuing jurisdiction to resolve all disputes arising from the Settlement Agreement that resolved the 2001

lawsuit. Thus, Lozano's property remedy for any purported ADA violation on the subject property (as alleged in his 2014 Complaint in this lawsuit) was to file a motion to enforcement the Settlement Agreement in the 2001 Action, not to file the present lawsuit. Lozano's decision to file and maintain the present lawsuit arises from his desire to obtain additional monetary damages and attorney's fees for the same purported ADA violation he sued on in 2001.

Lozano's Complaint was improperly filed in light of the 2001 Stipulated Order & Settlement Agreement. When Lozano and his attorneys maintained the present lawsuit --- despite being reminded of the 2001 Stipulated Order --- and when they played "hide the ball" by refusing to provide the only existing copy of the 2001 Settlement Agreement to Adams, their misconduct rose to the Level of a Rule 11 violation.

Given that Plaintiff's filing and maintenance of this entire lawsuit has been frivolous, Defendants seek the recovery of their entire attorney fees and costs in defense of this lawsuit, which total $27,805.00. As referenced herein and in the Declaration of William A. Adams, these fees and costs were caused for the improper purpose of harassing Defendants and delaying the Court from taking the matter under its continuing jurisdiction over all disputes arising out of the 2001 settlement agreement, and by needlessly increasing Defendants' cost of litigation, in an effort to coerce Defendants to pay an unjustified monetary settlement.

## STATEMENT OF FACTS

**A. In 2001, Lozano sue Cabrera and Vasquez under the ADA.**

The present lawsuit has its genesis in a 2001 lawsuit Lozano filed in March 2001 against, among others, these same Defendants (that is, Cabrera and Vasquez). In his March, 2001 lawsuit against, among others,

Defendants Julio Yee Cabrera and Enrique Vasquez (in the United States District Court, Southern District of California, the action designated as Case No. 01 CV 0395 W (POR)), Lozano asserted causes of action for violation of the Americans With Disabilities Act ("ADA"), the California Unruh Act, and the California Disabled Persons Act, among other common law and California statutory claims. (See Defendants' Exhibit "A," Plaintiff Lozano's March 6, 2001 Complaint).

In his 2001 Complaint, Lozano *alleged*, among other things, that he is physically disabled; that he had traveled to a "public accommodation" owned and/or operated by Defendants Cabrera and Vasquez at 640 S. Imperial Ave., Calexico, California; and that once there, he purportedly found there was no ADA-compliant "van accessible" disabled parking with adjacent access lane for him to use. Lozano contended that the lack of ADA-compliant disabled parking and adjacent access lane was a violation of the ADA, the California Unruh Act, and that California Disabled Persons Act. (Defendants' Exhibit "A," Plaintiff Lozano's March 6, 2001 Complaint, ¶¶ 1, 5, 6, 8-14; more generally, ¶¶ 15-25).

On or about March 6, 2001, Defendants Cabrera and Vasquez filed their Answer to Lozano's Complaint. (Defendants' Exhibit "B," Defendants Cabrera and Vasquez' March 6, 2001 Answer).

**B. The parties settle Lozano's 2001 lawsuit.**

In July and August, 2001, Plaintiff Lozano and Defendants Cabrera and Vasquez signed a "Settlement Agreement" resolving Lozano's 2001 lawsuit. In that Settlement Agreement, the parties agreed that the Defendants had *already* resolved the injunctive relief portion of the case by installing an ADA-compliant "designated disabled parking space" and

access aisle.  (Defendants' Exhibit "D," July/August 2001 Settlement Agreement).

Thus, as of July/August, 2001 Plaintiff Lozano agreed the subject property had ADA-compliant disabled parking.  On the basis of Defendants' payment to Lozano of a monetary sum and Defendants' installation of disabled parking on the Calexico property, the parties settled Lozano's 2001 lawsuit, with Lozano dismissing the Action.  (Defendants' Exhibit "D," July/August Settlement Agreement, ¶¶ 3-5).

On or about September 18, 2001, the Federal District Court judge overseeing that case signed and entered a "Stipulation for Dismissal" of Plaintiff Lozano's 2001 lawsuit against Defendants.  (Defendants' Exhibit "C," September 18, 2001 "Stipulation for Dismissal" Order).  That "Stipulation for Dismissal" Order included a "continuing jurisdiction" provision stating:

> "The Court shall ***retain jurisdiction*** over ***all disputes*** between (***among***) the parties ***arising out of the settlement agreement***, including ***but not limited to*** interpretation and enforcement of the terms of the settlement agreement."

(Emphasis added) (Defendants' Exhibit "C," September 18, 2001 "Stipulation for Dismissal" Order).

**C. Lozano ignores the "continuing jurisdiction" clause in the 2001 Settlement Agreement, and in 2014 sues the same Defendants a second time for the same purported ADA violation.**

NORTON MOORE & ADAMS LLP
525 B Street, Suite 1500
San Diego, California 92101
Ph:  (619) 233-8200
Fax:  (619) 231-7595

In February, 2014, Plaintiff Lozano filed his Complaint against Defendants Cabrera and Vasquez[1] in the present lawsuit. Just as in his 2001 Complaint, Lozano asserts causes of action against Defendants for, among other claims, violation of the ADA, violation of the California Unruh Act, and violation of the California Disabled Persons Act, and negligence. (See Defendants' Exhibit "F," Lozano's February 2014 Complaint).

Just as with his 2001 Complaint, Plaintiff Lozano alleges in his 2014 Complaint that he is physically disabled, that he visited Defendants' Calexico commercial property, and that at the time of his alleged visit (in June, 2012), the parking lot on that property did <u>not</u> have any ADA-compliant disabled parking or access aisle, in violation of the ADA, the California Unruh Act, and the California Disabled Persons Act. (See Defendants' Exhibit "F," 2014 Lozano Complaint, ¶¶ 1, 3, 8-13, and more generally, ¶¶ 14-25).

Lozano's allegations are false. In June, 2012 Defendants *did* have disabled parking on the subject property, a fact Defendants informed Lozano's attorneys of when, on April 10, 2014, William A. Adams (Defendants' current attorney) provided a photo to Plaintiff Lozano's attorneys of the disabled parking space. (Adams Decl., ¶ 8-10; see Exh. E, April 10, 2014 photo of subject parking space).

---

1 Plaintiff also names Defendants' tenant, Beamspeed, LLC, as a Defendant in his 2014 lawsuit, but failed to serve Beemspeed with the Summons and Complaint for nearly 10 months, and then not until Defendants advised Lozano that they would not negotiate a settlement without Beamspeed's appearance and presence as a party in the present Action.

NORTON MOORE & ADAMS LLP
525 B Street, Suite 1500
San Diego, California 92101
Ph: (619) 233-8200
Fax: (619) 231-7595

**D. Lozano and his attorneys ignore Defendants' requests for compliance with the 2001 Order of continuing jurisdiction and withhold a copy of the 2001 Settlement Agreement.**

After Lozano served Defendants with the Summons and Complaint, William A. Adams, Defendants' current attorney, and Phyl Grace, one of Plaintiff Lozano's Attorneys, held preliminary settlement discussions. (Adams Decl., ¶ 13).

During the same period of time, Defendants' attorney (Adams) learned of the existence of the 2001 access lawsuit filed by Lozano against the same Defendants and obtained a copy of the above-referenced Order from the 2001 lawsuit in which that court retained continuing jurisdiction. However, after a diligent search, Defendants and their attorney were unable to obtain a copy of 2001 Settlement Agreement that was the subject of the 2001 Order by the trial court. (See Adams Decl., ¶ 20-22).

On April 11, 2014, Adams emailed to Plaintiff's counsel Phyl Grace a copy of the Order setting forth the Court's continuing jurisdiction, and requested assistance in obtaining a copy of the settlement agreement. Adams informed Grace that Plaintiff Lozano's 2014 lawsuit was in violation of the 2001 Stipulated Order allowing the court overseeing Lozano's 2001 lawsuit to maintain continuing jurisdiction over the parties and their settlement. Grace failed to respond to Adams' request for assistance in locating the settlement agreement. (Adams Decl., ¶ 15-16; see Exh. C, 2001 "Stipulation for Dismissal" Order; see Exh. H, April 11 and 13, 2014 email exchange between attorneys Adams and Grace).

There were further communications between attorneys Adams and Grace. On April 22, 2014, Attorney Grace asserted in an email that she would not lower the settlement demand because Defendants had been unable to produce the settlement agreement. Accordingly, on April 23,

2014, Adams again requested by email that Attorney Grace search her records for a copy of the settlement agreement. Again, Attorney Grace failed to acknowledge the request. (Adams Decl., ¶ 18; See Exh. K, April 22, 2014 Grace email to attorney Adams).

On April 25, 2014, Adams emailed the partners of the firm representing Plaintiff Lozano --- Mark Potter and Russell Handy --- to, among other things, confirm that they had looked for the settlement agreement. Again, there was no response to the email. Additionally, between April 23rd - 30th, Defendants' attorney (Adams) called Potter and/or Handy at least 4 times, without reaching them or receiving a return telephone call, despite leaving voicemail messages. (Adams Decl., ¶ 24-27, Exh. M, email exchange between Adams and Lozano's attorneys of April 11, 2014, April 23, 2014 and April 25, 2014).

On April 30, 2014, Adams counsel spoke by phone with Grace. Adams again protested Grace's lack of cooperation in obtaining a copy of the settlement agreement. (Adams Decl., ¶ 18). Immediately after the phone conversation, Adams sent Grace a letter complaining about her handling of the case, including her refusal to respond to Adams' repeated requests for assistance in obtaining the settlement agreement. (Adams Decl., ¶ 29-30). Adams followed that up by sending attorney Potter a letter complaining about his firm's handling of the lawsuit, and informing him that Adams had begun work on a motion to dismiss. (Adams Decl., ¶ 30-31; Exh. N, Adams email to Potter of April 30, 2014).

That same evening (April 30, 2014), attorney Potter replied to Adams by email, attaching the long sought copy of the 2001 Settlement Agreement. (Adams Decl., ¶ 33; Exh. O, Potter April 30, 2014 email to Adams). He also, for the first time, substantively discussed the settlement agreement's applicability to the case. In his email, Potter argued:

NORTON MOORE & ADAMS LLP
525 B Street, Suite 1500
San Diego, California 92101
Ph: (619) 233-8200
Fax: (619) 231-7595

> "Section 3 of that Agreement states, merely, that: "the Parties stipulate and agree that Defendants have made the following improvements . . . ." And that was entirely accurate. The fix was done. Unfortunately, your client did not covenant to maintain the property. Thus, your clients are not in violation of the Agreement by letting the property go and letting the accessible parking space fall into such disrepair that it no longer functions as such. We cannot claim (and have not claimed) breach of the Agreement. Nor do we have a basis for having the Court "enforce" anything. All terms were complied with." (Exh. O, Potter's April 30, 2014 email to Adams).

Thereafter, Defendants' counsel was forced to defend the case on the merits, including preparation and filing of a motion to dismiss, based on, among other things, the Court's 2001 Stipulation for Dismissal Order resolving Lozano's 2001 ADA lawsuit against Defendants. (Adams Decl., ¶ 35).

## **LEGAL STANDARD**

### A. Rule 11 prohibits frivolous pleadings or pleadings presented for any improper purpose.

Federal Rule of Civil Procedure §11 (b) requires that in all pleadings filed with the court, "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and that "the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument

for extending, modifying, or reversing existing law or for establishing new law."

Rule 11 is a purely objective standard, and a violation "might be caused by inexperience, incompetence, willfulness, or deliberate choice." (*Cruz v. Savage*, 896 F.2d 626, 633 (1st Cir. 1990)). A party violates Rule 11 when it is "attorney was in a position to know the [party's] claims were unsupported by fact or law prior to bringing the claims and throughout the litigation." (*Id.*). Both a party and the party's attorney can be sanctioned for violating Rule 11. (FRCP, Rule 11 (c) (1); see *Collins v. Walden*, 834 F.2d 961, 965-966 (11th Cir. 1987)).

## **LEGAL ARGUMENT**

**A. The conduct of Lozano and his attorneys was for the improper purpose of harassing Defendants to cause unnecessary delay, or to needlessly increase the cost of litigation, to use as leverage to obtain an unmerited monetary settlement.**

The issue of whether or not Lozano's lawsuit violates the 2001 Stipulated Order providing the court overseeing Lozano's 2001 lawsuit against the same Defendants with continuing jurisdiction to resolve any disputes arising from the settlement of that case is the subject of Defendants' pending Motion to Dismiss. It is based on a plain language reading of the 2001 Stipulated Order.

Lozano's attorney (Mark Potter) argued in an email to Adams that the 2001 court did not maintain continuing jurisdiction to resolve disputes concerning the terms of the 2001 Settlement Agreement because Defendants purportedly did not agree to continue to maintain the ADA-compliant nature of the disabled parking space and access lane. In so doing, Potter implicitly admitted the importance of the 2001 Settlement

Agreement, which his firm had withheld from Adams up until that time, in determining whether his client's present claims were covered by the continuing jurisdiction of the 2001 court. While Defendants dispute this interpretation, in so arguing, Potter ignores language in the Stipulation for Dismissal allowing the Court overseeing the 2001 lawsuit which states that the 2001 court's continuing jurisdiction is "not limited to enforcement of the settlement agreement," but includes "all disputes arising out of the settlement agreement." (See Exh. O, Potter April 30, 2014 email to Adams).

Regardless, because that issue will be decided by a separate motion currently pending before this Court, it need not be re-argued here in significant detail. However, the fact that the plain language of the 2001 Court's Stipulated Order applied to the present case, coupled with the following aggravating factors, leads to the conclusion that issuance of Rule 11 sanctions against Lozano and his attorneys are warranted.

### B. Aggravating factors.

In addition to the primary improper conduct discussed above, the conduct of Lozano's attorneys has been set against a backdrop of additional questionable conduct, as well as the unusual hardship of Defendants.

**1. Lozano's attorneys are evading new California state law and are engaging in just the sort of abusive conduct targeted by the new law.**

In 2012, California Senate Bill 1186 was signed into law to curb abuse of the State's Unruh Act and Disable Persons Acts, i.e., California Civil Code §§52 and 54.3. (See the annotations to California Code of Civil Procedure §425.50). Among other things, the new law requires that plaintiffs personally verify their complaints and plead facts about the

alleged violation with specificity and clarity. (California Code of Civil Procedure §425.50).

Rather than complying with the new law, Plaintiff Lozano and his counsel are filing their access lawsuits in Federal District Court. They are not complying with the minimally burdensome (at least for plaintiffs with bona fide injury) verification requirement. However, they still seek the monetary damages provided by state law. Moreover, Plaintiff Lozano and his counsel are utilizing these evasive tactics to engage in the precise conduct which the California legislature sought to eliminate: sloppy and inaccurate pleading, which leads to much confusion, distress, and unnecessary defense costs.

When coupled with the blatant inaccuracy of Plaintiff Lozano's contention in his 2014 Complaint that at the time of his June, 2012 visit to Defendants' Calexico commercial property that there was neither a disabled parking space nor an access aisle, it is obvious that Lozano's attorneys "do not have the time" (to use Potter's words) to draft complaints that are factually accurate, in violation of California state statutory law that now requires the accuracy of such access discrimination complaints be assured through the plaintiff's verification.

2. **Lozano's attorneys have engaged in unnecessary delay and harassment.**

Lozano's attorneys initially demanded $6,000 to settle the case. (Adams Decl., ¶ 13). On April 11, 2014 (via email), Adams sent a copy of the Stipulated Order for continuing jurisdiction and requested assistance in locating a copy of the settlement agreement. (Adams Decl., ¶ 15; Exhibit C, September 18, 2001 Stipulated Dismissal Order; Exhibit G, Adams April 11, 2014 email to Grace). Grace responded only with an evasive new theory for their case (conceding the complaint language to be inaccurate.

(Exhibit H, Grace April 13, 2014 email to Adams).

Adams made at least two more requests for the 2001 Settlement Agreement by email. Again, each of these requests were ignored. (Exhibits K and L, Adams emails to Lozano's attorneys of April 23 and April 25, 2014; Adams Decl., ¶ 24-25).

It was not until April 30, 2014, when Adams more vigorously protested the stonewalling by Lozano's attorneys concerning their failure to produce the 2001 Settlement Agreement, that Lozano's attorneys finally responded to Adams' request, finally providing a copy of the 2001 Settlement Agreement. (Exhibit M, April 30, 2014 email from Potter to Adams). However, the response was coupled just hours later with a transparently retaliatory withdrawal of the $6,000 settlement demand and its replacement with a new $12,000 settlement demand. (Exhibit O, April 30, 2014 email from Grace to Adams).

During this delay or concealment of the settlement agreement, attorney Grace refused to engage in meaningful discussion regarding the facts of the case. (Adams Decl., ¶ 28).

Early in the lawsuit, Adams provided Grace with a photograph of the disabled parking space. Grace acknowledged that the factual allegations in the Complaint (that there was no disabled parking space or access aisle) were inaccurate (stating that she relied on a photo that was allegedly taken in the rain). (Adams Decl., ¶ 9-11; Exh. E, April 10, 2014 photo of subject parking lot). However, Grace substituted a transparently evasive and frivolous alternate theory for the lawsuit, i.e., that "the [ADA] requirements have changed since 2001 and what may have been compliant in 2001 is different than what is required today." Grace never specified what purported change in ADA regulations applied to this parking space. (Adams Decl., ¶ 9-14). In any case, the 2010 changes to the ADA

regulations expressly state that "facilities or elements" in existence and compliant before 2010 do not have to be upgraded to the new requirements. (Adams Decl., ¶ 13; 28 CFR 35.15(c)(5)).

Mark Potter, a partner attorney representing Lozano in this 2014 lawsuit, later discarded Grace's "2010 ADA regulations changes" argument, but only after his firm doubled Lozano's settlement demand in obvious retaliation for Adams' demands for a meaningful discussion of the merits of the case and for a copy of the 2001 Settlement Agreement. (Adams Decl., ¶ 14).

3. **Hardship.**

Defendants Cabrera and Vasquez are 81 and 86 years old, respectively. They are on very limited incomes: primarily social security and the rents from partial interests in a few small properties. The affairs of the two gentlemen, with respect to the property, are handled by Cabrera's daughter and son in law, Linda and John Muren, with the assistance of a property management firm. (Adams Decl., ¶ 36).

Muren is undergoing treatment for a particularly aggressive and metastasized form of breast cancer. Moreover, her husband, John Muren, is on dialysis. The lawsuit has been particularly stressful on all of these individuals. (Adams Decl., ¶ 36).

In contrast, Plaintiff Lozano, it is fair to say, suffered no real cognizable injury. His Complaint does not allege that he could not find parking at Defendant's property; it does not allege that he could not use his van lift, or that he could not access the Beamspeed store. (See Complaint). In fact, Grace, one of Lozano's attorneys, conceded to Adams the inaccuracy of the Complaint's allegation that there was no van accessible parking. Plaintiff and his counsel's unreasonable and improper conduct in this action have caused Defendant's much stress and expense,

and have exhausted the funds originally available for settlement of this lawsuit.

## **CONCLUSION**

The foregoing conduct, taken as a whole, demonstrates that Lozano and/or his attorneys were not conducting themselves pursuant to a good-faith belief that they were not violating the 2001 Stipulated Order providing the court overseeing Lozano's 2001 lawsuit against the same Defendants with continuing jurisdiction to resolve any disputes arising from the settlement of that 2001 case. Rather, the above-reference conduct by Lozano and his attorneys evidenced an intent to "harass, cause unnecessary delay, or needlessly increase the cost of litigation" so as to extract an unwarranted monetary settlement from Defendants. Such conduct violates FRCP, Rule 11, and warrants issuance of sanctions against Lozano and/or his attorneys in an amount this Court determines appropriate, fair and just, given the circumstances of this case.

Consequently, Defendants Julio Yee Cabrera and Enrique Wong Vasquez respectfully request this Court issue an order granting $30,305.00 in sanctions against Plaintiff Enrique Lozano and/or his attorneys, or in an amount this Court concludes is fair and just.

Date: September 26, 2014　　**NORTON MOORE & ADAMS LLP**

　　　　　　　　　　　　　　　By:__s/William A. Adams_____
　　　　　　　　　　　　　　　William A. Adams
　　　　　　　　　　　　　　　Attorneys for Defendants Julio Yee
　　　　　　　　　　　　　　　Cabrera and Enrique Wong Vasquez

NORTON MOORE & ADAMS LLP
525 B Street, Suite 1500
San Diego, California 92101
Ph:　(619) 233-8200
Fax:　(619) 231-7595