UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Enrique Lozano,<br><br>                       Plaintiff,<br><br>v.<br><br>Julio Yee Cabrera, et. al.,<br><br>                       Defendant. | Case No.:  14cv00333 JAH-RBB<br><br>**ORDER GRANTING RULE 11 SANCTIONS AND SANCTIONS UNDER 28 U.S.C. §1927** |

**INTRODUCTION**

    In March 2001, Plaintiff filed a cause of action against Defendants Julio Yee Cabrera and Enrique Wong Vazquez asserting violations of the Americans with Disabilities Act ("ADA"), Unruh Civil Rights Act ("Unruh"), California's Disabled Persons Act ("CDPA"), and negligence.  The parties settled the action pursuant to a settlement agreement in which they agreed the district court retained jurisdiction to enforce the agreement.   The court approved the dismissal of the action on September 18, 2001.

    On February 12, 2014, Plaintiff filed a complaint for damages and injunctive relief for violations of the ADA, Unruh and the CDPA against Cabrera and Vazquez in the instant

action.[1] Defendants moved to dismiss the complaint for lack of jurisdiction and later, filed a motion seeking attorney's fees pursuant to 28 U.S.C. Section 1927.

Finding the Court lacked jurisdiction, this Court granted Defendants' motion to dismiss without prejudice and the Clerk of Court entered judgment. Plaintiff filed a notice of appeal of the judgment. Thereafter, Defendants filed a motion for issuance of Rule 11 sanctions. This Court granted the motion for sanctions and, later, denied the motion for issuance of sanctions pursuant to section 1927. Plaintiff appealed the Court's order granting sanctions.

The Ninth Circuit Court of Appeals issued its mandate affirming the dismissal[2] but vacating the sanctions award and remanding the matter. In its order spreading the mandate, this Court permitted the parties to file simultaneous supplemental briefing and responsive pleadings addressing the motions for sanctions.

Defendants filed a supplemental brief. Instead of filing a supplemental brief, Plaintiff filed a response to Defendants' brief and filed a request for judicial notice of the arguments taken in the legal briefs filed in the appeal.[3] Defendants filed a response to Plaintiff's brief and a notice of recent authority.

## DISCUSSION

In its decision vacating the sanctions award, the Ninth Circuit determined this Court invoked the wrong procedural mechanism to support the sanctions imposed because the Court considered extra-pleadings conduct in awarding sanctions under Rule 11. The Ninth Circuit remanded the matter to allow this Court to consider whether to award sanctions under section 1927 or to clarify its reasons for imposing sanctions under Rule 11.

Defendants seek sanctions under both Rule 11 and section 1927. Defendants argue the order granting Rule 11 sanctions should stand without reduction because Plaintiff

---

[1] Plaintiff also named Beamspeed, LLC who was later dismissed from the action.
[2] The Ninth Circuit disagreed with the Court's conclusion that it lacked jurisdiction but found the lawsuit was barred by the prior settlement.
[3] The Court grants the request to take judicial notice.

violated the prior settlement agreement and stipulation for dismissal by filing this action. They further argue the Court's prior findings of misconduct support additional sanctions under section 1927. Plaintiff argues there has been no sanctionable conduct. He suggests the Ninth Circuit erred in ruling the prior settlement agreement barred this action and maintains he had a colorable legal argument to support the filing of the action. He also contends section 1927 sanctions are unwarranted because the record does not support this Court's prior findings and even if it did, it does not support sanctions.

**I. Rule 11**

Rule 11 imposes a duty on attorneys or unrepresented parties, to certify by their signature, the pleading is "not being presented for any improper purpose, such as to harass, cause unnecessary delay or needlessly increase the cost of litigation;" is "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;" "the factual contentions have evidentiary support" and "the denials of factual contentions are warranted." FED.R.CIV.P. 11(b). The purpose of this rule is to curb baseless filings. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397-98 (1990). Sanctions under Rule 11 must be appropriate and "limited to what suffices to deter repetition of the conduct or comparable conduct." FED.R.CIV.P. 11(c). They may include "payment of the reasonable attorney's fees and other expenses resulting from the violation." *Id*.

The record demonstrates sanctions are appropriate under Rule 11 due to Plaintiff and Plaintiff's counsel's action in filing and maintaining this baseless lawsuit. The record reflects Plaintiff and his law firm initiated a nearly identical complaint against the same defendants addressing the exact parking space at issue in the prior action, in which Plaintiff was represented by the same counsel. Plaintiff and Plaintiff's counsel knew or were in the best position to know that Plaintiff settled with the same defendants and entered an agreement for retention of jurisdiction over enforcement of the settlement agreement. The parties agreed, in the settlement agreement, that the designated disabled parking space complied with the ADA guidelines. Additionally, the plain language of the stipulation for

dismissal clearly indicates the court retained jurisdiction over "all disputes between (among) the parties arising out of the settlement agreement." See Doc. No. 19-3 at 27. In light of the clear language of the stipulation for dismissal, Plaintiff had no colorable legal argument to support filing this action. As such, the Court finds the lawsuit was not legally tenable and Rule 11 sanctions are warranted.

**II. Section 1927**

Pursuant to 28 U.S.C. section 1927, "[a]ny attorney… who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Sanctions are permitted when an attorney intends to harass, or either knowingly or recklessly makes frivolous arguments. *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1107 (9th Cir. 2002). A fee award under section 1927 may include "excess costs, expenses and attorney's fees reasonably incurred because of" the sanctionable conduct. 28 U.S.C. § 1927.

Plaintiff's counsels' conduct of ignoring Defendants' counsel's repeated requests for a copy of the settlement agreement and then doubling the settlement demand when they finally provided a copy of the agreement to Defendant's counsel, rather than dismissing the action, unreasonably multiplied proceedings in this matter. Counsel's conduct supports sanctions under section 1927.

Defendants seek $29,855 which represent the fees incurred from the time they first requested the settlement agreement from Plaintiff's counsel through the filing of the motion for sanctions. The Court finds that amount represents fees reasonably incurred as a result of counsel's sanctionable conduct.

Accordingly, IT IS HEREBY ORDERED:

1. Defendants' motion for Rule 11 sanctions is GRANTED. Plaintiff and Plaintiff's counsel shall pay Defendants' counsel $15,000.

//

2. Defendant' motion for attorney's fees is GRANTED. Plaintiff's counsel shall pay Defendants' counsel $29,855.

DATED: March 2, 2022

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE